IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
FIDELITY BANK, PLC
                              *
     Plaintiff,
                              *
v.
                              *
M/T TABORA, her engines,              CIVIL NO.: 05-CV-0871
tackle, and apparel, in rem,  *
et al.,
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Fidelity Bank PLC ("Fidelity") sued the M/T TABORA, *in rem*,

Northern Fox Shipping N.V., and Eres N.V. Belgium (collectively,

the "Defendants") for breach of contract and conversion.

Defendants counterclaimed for declaratory judgment and damages.

On December 9, 2005, the Court dismissed Fidelity's complaint and

Defendants' counterclaims and denied Defendants' motion for

attorney's fees.  Pending is Defendants' motion for

reconsideration of the Court's dismissal of their counterclaims.

For the following reasons the motion will be denied.


I.  Background

     Defendants' counterclaims sought a declaratory judgment that

Fidelity's contract claims were time-barred and damages for the

wrongful arrest of the TABORA in Baltimore and for unpaid heating

and demurrage charges incurred when the TABORA was prevented from unloading its cargo in Nigeria.  Fidelity moved to dismiss the Defendants' counterclaims for *forum non conveniens.*

In its December 9, 2005 order, the Court dismissed Defendants' counterclaims having found that the balance of public and private interests favored dismissal from this Court.

II.  Analysis

Defendants have moved the Court to reconsider its order under Federal Rules of Civil Procedure 59(a) and 60(b), arguing that: 1) the Court erroneously found that Fidelity's contract claim was pending in a Nigerian court; 2) new evidence suggests that Fidelity's claim is not pending in Nigeria; 3) Defendants will suffer manifest injustice if their counterclaim is dismissed; 4) at a minimum the Court should not have dismissed Defendants' counterclaim for wrongful arrest; and 5) the Court's decision was the result of a mistake, inadvertence, surprise, or excusable neglect.  In the alternative, Defendants seek to stay these proceedings pending a final and non-appealable ruling in a Nigerian court as to whether Fidelity has a pending claim.

Fidelity argues in response that: 1) Fidelity's claim is pending in a Nigerian court; 2) new evidence supports Fidelity's assertion that there is a claim pending in Nigerian court; 3) Defendants will not suffer manifest injustice if their

2

counterclaim is dismissed; 4) the underlying basis for Defendants' wrongful arrest claim does not exist; and 5) there is no reason to stay the proceedings.

A.   Motion to Reconsider Under Rule 59(e).

The Court granted Fidelity's motion to dismiss Defendants' counterclaims for *forum non conveniens* after finding that the public's interest in dismissing the case outweighed the private interests in adjudicating the claims in this district.

Under Rule 59(e), a court may amend an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence previously unavailable; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Insurance Co. v. American National Fire Insurance Co.,* 148 F.3d 396,403 (4th Cir. 1998).

1.   Error

In determining that the public's interest favored dismissing the case, the Court considered the burden that would be imposed on the Court by hearing the case, the difficulty in applying foreign law, and the interest of Nigerian courts in adjudicating local concerns.  The Court finds no error, change in law or new evidence to alter its determination that the public's interests favored dismissal.

3

In determining the private interests at stake, the Court found that there was a pending action in Nigerian court and therefore found that Nigeria was available as an alternate forum. The Court also found that considerations of access to evidence, the ability of the Court to compel the attendance of unwilling witnesses, the cost of witness attendance in Baltimore, and the ability of the Court to enforce its judgment favored dismissal.

The Court found that there was a pending case in Nigerian court and, therefore, an alternative forum on the grounds that: 1) on December 17, 2002, Fidelity filed a complaint in the Federal High Court of Nigeria seeking to arrest the TABORA for failing to deliver its cargo; 2) on March 22, 2005, Fidelity filed a request in the Federal High Court of Nigeria to amend its December 2002 complaint and to renew the summons; 3) on April 8, 2005 the High Court granted Fidelity's request; and 4) as of December 9, 2005, Defendants' motion to vacate the High Court's April 8, 2005 order was pending.

Based on the evidence provided, the Court finds no error in its determination that there was pending case in Nigerian court as of December 9, 2005.  Likewise, the Court finds no error in its determination that considerations of access to evidence, the ability of the Court to compel the attendance of unwilling witnesses, the cost of witness attendance in Baltimore, and the ability of the Court to enforce its judgment favored dismissal.

2.  New Evidence

     Defendants contend that new evidence shows there is no
pending claim in Nigerian court.  According to both parties, on
December 20, 2005, the Nigerian High Court issued a ruling in
which it held that the December 2002 writ of summons is still
valid and subsisting as to the Defendants.  Affidavit of Emmanuel
Ezenachukwu in Support of Defendants' Motion for Reconsideration,
¶ 19; Affidavit of Louis Mbanefo in Opposition to Defendants'
Motion for Reconsideration, ¶ 5.  Defendants allege that the
December 20, 2005 ruling, *inter alia,* also dismissed the April 8,
2005 order granting Fidelity's motion to amend its complaint and
to set aside service of the Defendants.  Affidavit of Emmanuel
Ezenachukwu in Support of Defendants' Motion for Reconsideration,
¶ 19.[1]

     Although Defendants have asserted they will appeal the
Nigerian High Court's decision as to the December 2002 writ of
summons, as both parties agree that the December 20, 2005 ruling
held that the 2002 writ of summons is still valid and subsisting,
it would appear that there is still a case pending in Nigerian
court.  As a result, there continues to be an alternate forum for
Defendants' counterclaims.

---

     [1] Neither party has provided a copy of the Nigerian High
Court's opinion.

3.  Manifest Injustice

As Nigeria remains an alternate forum for Defendants'
counterclaims, there is no manifest injustice in dismissing those
counterclaims from this Court.


4.  Conclusion

As the Court finds that its determination that the public
and private interests in this case favored dismissal was not
erroneous, has not been controverted by new evidence and will not
work a manifest injustice, Defendants' motion for reconsideration
pursuant to Rule 59(e) will be denied.


B.  Motion to Reconsider Under Rule 60(b)

A court may amend a final judgment under Rule 60(b) for,
*inter alia,* mistake, inadvertence, surprise, excusable neglect or
newly discovered evidence.  Federal Rule of Civil Procedure
60(b).  As noted above, the Court finds that there has been no
mistake or newly discovered evidence that would justify
reconsideration of the Court's December 9, 2005 order.
Accordingly, Defendants' motion to reconsider under Rule 60(b)
will be denied.


C.  Motion to Stay

Defendants have moved the Court, in the alternative, to

reconsider its order dismissing Defendants' counterclaims and stay the proceedings pending a final determination from the Nigerian court that Fidelity's claims remain pending.

As it appears from the Nigerian Court's December 20, 2005 ruling that Fidelity's case remains pending at this time and in light of the balance of private and public interests noted above, the Defendants' motion to stay the proceedings will be denied.


January 26, 2006                _____/s/_____
Date                                  William D. Quarles, Jr.
                                        United States District Judge